RECEIVED
APR - 2 2014
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GEORGE J. DAPONTE,** | Civil Action No.: 12-4016 (MAS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **BARNEGAT TWP. SCHOOL DISTRICT B.O.E., et al.,** | |
| Defendants. | |

On March 31, 2014, U.S. District Judge Michael A. Shipp entered a Memorandum Opinion and Order granting Defendants' Motion to Enforce the Settlement Agreement and denying Plaintiff's Motion to Reopen the Case. See dkt. nos. 47, 48. Among his submissions, Plaintiff also sought reconsideration of his Motion to Recuse, which this Court denied on August 8, 2013. See dkt. nos. 40, 41. In a footnote in his Memorandum Opinion, Judge Shipp referred Plaintiff's Motion for Reconsideration to this Court. See Memorandum Opinion, dated March 31, 2014, dkt no. 48, at p. 11, n. 4.

The Court has carefully considered the Parties' submissions on this subject pursuant to FED R. CIV. P. 78 and, for the reasons set forth below, Plaintiff's Motion is **DENIED**.

Local Civil Rule 7.1(g) governs motions for reconsideration. It requires the moving party to "set forth concisely the matters or controlling decision which counsel believes [the Court] overlooked." L. Civ. R. 7.1(g). A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest

injustice." Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

Plaintiff has not satisfied the high standard required to succeed on a motion for reconsideration. Indeed, Plaintiff has not presented any new factual evidence or legal authority. Plaintiff merely repeated the contentions that were proffered in his original Motion to Recuse. The Court considered these arguments and, after careful analysis, concluded that good cause existed for its ruling.

The Court, having considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 2nd day of April, 2014,

**ORDERED** that Plaintiff's Motion for Reconsideration of the Memorandum Opinion dated August 8, 2013 [dkt. no. 41] is **DENIED**.

                                            s/ Douglas E. Arpert
                                            **DOUGLAS E. ARPERT, U.S.M.J.**