**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GEORGE J. DAPONTE,

Plaintiff,

v.

BARNEGAT TWP. SCHOOL DISTRICT B.O.E., et al.,

Defendants.

Civil Action No. 12-4016 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on pro se Plaintiff George J. DaPonte's "Objections to Magistrate Judge's Memorandum Opinion and Order (ECF No. 49)." (ECF No. 50.) Defendants Barnegat Township School District Board of Education, Joseph Saxton, and Jason Bing ("Defendants") have responded to Plaintiff's arguments. (ECF No. 51.) For the reasons stated below, the Court construes Plaintiff's submission as a motion for reconsideration. The Court has decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's application is denied.

## I. Background

The procedural history and underlying facts of this matter are well known to the parties and set forth in this Court's previous decisions. (ECF Nos. 40, 48, 49.) Accordingly, only those facts relevant to the instant motion will be set forth herein.

On April 9, 2013, the Honorable Douglas E. Arpert, U.S.M.J., conducted a settlement conference, the case was settled, and the Court placed the terms of the settlement on the record. (ECF No. 27.) The Court dismissed the case as settled on April 11, 2013. (ECF No. 28.)

Defendants subsequently filed a motion to enforce the settlement, and Plaintiff filed a motion to reopen the case. (ECF Nos. 30, 32.) Shortly thereafter, Plaintiff filed a motion seeking Judge Arpert's recusal. (ECF No. 36.) On August 8, 2013, Judge Arpert granted Defendants' motion to enforce the settlement but denied Plaintiff's motions to reopen the case and for recusal. (ECF No. 40.) On August 23, 2013, Plaintiff filed a motion for reconsideration of Judge Arpert's decision. (ECF No. 41.) Defendants filed opposition to the motion on September 4, 2013. (ECF No. 42.) On November 6, 2013, Plaintiff filed a document entitled "New Evidence in Support of Motion for Reconsideration" (Pl.'s Supp. Br., ECF No. 44) and Defendants filed opposition on November 12, 2013 (ECF No. 45).

On March 31, 2014, the Court issued a Memorandum Opinion ("March 31 Opinion"). (Mar. 31 Op., ECF No. 48.) In its March 31 Opinion, the Court treated Judge Arpert's decision granting Defendants' motion to enforce the settlement agreement and denying Plaintiff's motion to reopen the case as a Report and Recommendation and left the recusal issue open for Judge Arpert's consideration.[1] The Court adopted Judge Arpert's Report and Recommendation. (*Id.*) On April 2, 2014, Judge Arpert denied Plaintiff's motion for reconsideration as to his recusal. (Apr. 2 Order, ECF No. 49.) Plaintiff subsequently filed his "[o]bjections." (ECF No. 50.)

## II. <u>Discussion</u>

Plaintiff asserts that Judge Arpert failed to consider his supplemental brief entitled "New Evidence in Support of the Motion for Reconsideration" in reaching his April 2 decision. (ECF No. 50.) According to Plaintiff, the supplemental brief referenced new evidence that clearly demonstrated that Defendants committed fraud. (*Id.*) Plaintiff, therefore, argues that reconsideration was warranted. (*Id.*) In opposition to Plaintiff's application, Defendants argue

[1] The Court's March 31 Opinion provided, "The Court does not reach Plaintiff's motion to the extent it requests Judge Arpert to reconsider his recusal decision. This shall be separately addressed by Judge Arpert." (Mar. 31 Op. 11 n.4.)

that Judge Arpert "did not issue a proposed finding, recommendation or report." (Defs.' Opp'n 3, ECF No. 51.) Defendants additionally assert that the Court already considered the substance of Plaintiff's arguments. (*Id.* at 4.) Finally, Defendants argue that even if the Court again considers Plaintiff's brief entitled "New Evidence in Support of Motion for Reconsideration," it must reject Plaintiff's arguments. (*Id.* at 4-5.)

A document filed by a pro se litigant is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Additionally, a court should apply pertinent law to a pro se litigant's pleadings, "irrespective of whether the pro se litigant has mentioned [the pertinent law] by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Here, it is first necessary to determine the appropriate standard to apply as well as the appropriate decision to apply the standard to. While Plaintiff entitled his application "Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Order (ECF No. 49)," it is clear from the substance of Plaintiff's "[o]bjections" that he takes issue with the Court's alleged failure to consider the "New Evidence in Support of Motion for Reconsideration" document submitted on November 6, 2013. Plaintiff's confusion appears to have arisen based on his interpretation of the March 31 Opinion. In particular, the March 31 Opinion provided that the Court would treat the dispositive aspect of Judge Arpert's decision—Defendants' motion to enforce settlement and Plaintiff's motion to reopen—as a Report and Recommendation. The March 31 Opinion also provided that Judge Arpert would address the non-dispositive aspect of the motion, namely the recusal issue. (Mar. 31 Op. 11 n.4.) After making the distinction, the Court performed a *de novo* review of the record and issued a decision. At its core, Plaintiff's current application is a motion for reconsideration of the Court's March 31 Opinion, not objections to Judge Arpert's April 2 Order, which solely concerned the recusal issue. Accordingly, in the interests of justice, the Court will construe Plaintiff's objections as a motion for reconsideration of its March 31 Opinion.

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: "(1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice." *Id.* A motion for reconsideration is not an opportunity to "ask the Court to rethink what it ha[s] already thought through." *Id.* "Rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Here, Plaintiff is merely asking the Court to rethink what it has already thought through. In his supplemental brief, Plaintiff argued that the responses he received from the Township pursuant to an Open Public Records Act ("OPRA") request indicate that the Township concealed material facts. (Pl.'s Supp. Br. 3-6.) Plaintiff also argued in his supplemental brief that "the withheld information adversely affected the plaintiff from filing a motion for default judgment following the Rule 26(f) initial conference" and that "Defendant most certainly transferred the complaint from Superior to Federal Court to thwart the discovery process." (*Id.* at 5.)

The Court's March 31 Opinion did not analyze the specific arguments raised in Plaintiff's supplemental brief because the arguments were extraneous to the main issue, namely whether the parties entered into an enforceable settlement agreement. A review of Plaintiff's OPRA form reflects that Plaintiff submitted the OPRA request after he entered into the settlement agreement with Defendants. In addition, Defendants noted in their opposition brief that the parties were engaged in a dispute regarding discovery responses prior to the time they entered into the settlement agreement. Had the case not settled, the parties would have engaged in motion practice

regarding Defendants' allegedly deficient discovery responses. Therefore, Plaintiff's argument that he would have been entitled to default judgment is entirely speculative.

While the Court did not specifically analyze the various arguments raised in Plaintiff's supplemental brief, it is clear from the March 31 Opinion that the Court considered the supplemental brief in reaching its decision. The March 31 Opinion clearly referenced Plaintiff's brief entitled "New Evidence in Support of the Motion for Reconsideration (ECF No 44)" (Mar. 31 Op. 2.) In addition, the Court's decision referenced Plaintiff's argument "that the court should most carefully weigh its judgment and therefore presents the opportunity to the court before Plaintiff undertakes a local appeal of the judgment and Third Circuit appeal, if necessary." (*Id.* at 4.) The Court previously considered the arguments raised by Plaintiff in his supplemental brief and found them unpersuasive. Accordingly, Plaintiff's motion for reconsideration based on the Court's alleged failure to consider his supplemental filing is denied.

## III. Conclusion

For the reasons set forth above, Plaintiff's application is denied. The Court will issue an order consistent with this Memorandum Opinion.[2]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: September 3, 2015

---

[2] As the time frames set forth in the Court's previous order (ECF No. 47) expired pending the decision on Plaintiff's current application, the Court will reset the deadlines in the accompanying order.